**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

v.                                                                                          Case No. 3:08cr23/LAC

JAMES PATRICK GLENN,
JAMES BRIAN GLENN, and
GERALD WAYNE McCOY,

      Defendants.
_____/

**<u>ORDER</u>**

      This cause is before the Court on limited remand from the Eleventh Circuit Court of Appeals. The remand is limited to a specific determination by this Court of whether the "zero loss" argument presented in Defendant/Appellant James Brian Glenn's motion for release pending appeal presents an outcome determinative "substantial question" as per 18 U.S.C. § 3143(b)(1)(B).

      This issue relates to Glenn's argument that the Government failed to provide sufficient evidence at trial to show that the wire transfers that underlie the money laundering charge in Count Two of the indictment actually involved funds that were derived from unlawful activity, as is statutorily required. Question on this issue seems to derive from the fact that,

during Glenn's sentencing hearing, the Court found that the Government had failed to prove any specific amount of the unlawful funds as was needed to enhance Glenn's sentence. To clarify, the Court did not factually find that there was a "zero loss" of funds involved in the money laundering scheme. To the contrary, there was obviously an appreciable quantum of monetary loss in the described transactions. As the Court stated during sentencing, its findings for purposes of sentencing reflected only upon the Government's failure to meet its burden to actually demonstrate the particular amount of that loss. The Court neither intended, nor presently intends, to disturb the jury's finding that the Government met its burden at trial to establish that the wire transfers of funds in question represented the proceeds of unlawful activity.

Accordingly, this Court does not find this issue to raise an outcome-determinative "substantial question" to merit Glenn's release pending appeal. As instructed by the Eleventh Circuit, the Clerk is directed to return the file to the Eleventh Circuit for further proceedings.

**ORDERED** on this 10th day of April, 2009.

s/ *L. A. Collier*
Lacey A. Collier
Senior United States District Judge